**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EDDIE DEAN BLOUNT, SR.,

    Plaintiff,

-vs-                                              Case No. 8:05-CV-811-T-30TBM

STATE OF FLORIDA,

    Defendant.
_____/

**ORDER**

Plaintiff, an inmate in the Florida penal system proceeding *pro se*, initiated this action by filing a complaint (Dkt. 1) in which he requests that this Court enter an order directing the state trial court to rule on a post-conviction motion challenging his sentences. The Court has reviewed the complaint, and finds that it is subject to dismissal without service on the Defendant.

Plaintiff is serving sentences for attempted first degree murder and robbery with a firearm entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1, Ex. A). The offenses occurred on August 2, 1989. Plaintiff entered a plea of guilty to both charges. *Id.*

Plaintiff was released from custody by the Florida Department of Corrections on March 17, 1997. On February 2, 1998, Plaintiff pled guilty to having violated two conditions of his probation. The trial court revoked his probation and imposed concurrent forty (40) year sentences on each of the underlying offenses of conviction, with credit for time served. Plaintiff appealed, and on December 22, 1999, the appellate court affirmed Plaintiff's sentence on the robbery with a firearm conviction, but reversed the sentence

on the attempted first degree murder conviction because it exceeded the statutory maximum penalty of thirty (30) years for a first-degree felony and remanded the case for resentencing.  *See Blount v. State*, 750 So.2d 672 (Fla. 2d DCA 1999).

In a Petition for All Writs/ [sic] and or Habeas Corpus Plaintiff filed with the Florida Supreme Court on September 15, 2004, he challenged the sentence imposed by the trial court on remand in 1991. On October 6, 2004, the Florida Supreme Court transferred the petition to the Thirteenth Judicial Circuit Court for consideration as a motion filed pursuant to Fla. R. Crim. P. 3.800(a) (Dkt. 1, Ex. B).

On December 23, 2004, the trial court clerk responded to correspondence received from Plaintiff with case numbers SC 04-1852[1] and 89-2688[2] affixed thereto. Plaintiff was advised that the files he referenced could not be located without the trial court case number (Dkt. 1, Ex. D).  Plaintiff then moved the Florida Supreme Court to enter an order pursuant to Fla. R. Jud. Admin. 2.050(f)[3] to "Enforce a [sic] Order to Transport the Petitioner."  After confirming that the trial court had, in fact, not received Plaintiff's case file, the Florida Supreme Court forwarded a copy thereof to the trial court on February 28, 2005 (Dkt. 1, Ex. G).

Plaintiff asks this Court to find that the trial court judge is in violation of Fla. R. Jud. Admin. 2.050(f) and issue an order directing that a decision on his Rule 3.800(a) motion be entered. Plaintiff is effectively seeking a writ of mandamus.

---

[1] *See Blount v. Crosby*, Case No. SC 04-1852 (2004).

[2] *See Blount v. State*, 581 So.2d 604 (Fla. 2d DCA 1991) (Case No. 89-02688).

[3] Pursuant to Rule 2.050(f), "[e]very judge has a duty to rule upon and announce an order or judgment on every matter submitted to that judge within a reasonable time. Each judge shall maintain a log of cases under advisement and inform the chief judge of the circuit at the end of each calendar month of each case that has been held under advisement for more than 60 days."  Fla. R. Jud. Admin. 2.050(f).

Writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure, although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361.  Under § 1361, district courts have jurisdiction to compel <u>United States officials</u> to perform their duties. United States courts do not, however, have jurisdiction to issue writs of mandamus to direct <u>state courts or their judicial officers</u> in the performance of their duties.  *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971);[4] *Haggard v. State of Tennessee,* 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin,* 449 F. Supp. 914, 915 (E.D. Wis. 1978).  Therefore, this Court cannot grant the relief Plaintiff seeks.

**ACCORDINGLY**, the Court **ORDERS** that:

1. The complaint is **DISMISSED** (Dkt. 1).

2. The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
*Pro Se* Plaintiff
SA:jsh

---

[4]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court, unless reversed by this court sitting en banc. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).